E. GOTHBERG v. BERNARD SILBERSTEIN and Another.[1]

January 26, 1898.

Nos. 10,805—(242).

Sale—Evidence—Damaged Goods.
Certain unimportant assignments of error considered and disposed of.

Appeal by defendants from an order of the district court for St. Louis county, Moer, J., denying their motion for a new trial, after findings and an order for judgment in favor of plaintiff for $234.72 and interest. Affirmed.

*Herbert R. Tinkham,* for appellant.
*Alford & Hunt,* for respondent.

COLLINS, J.[2]

From the return to this court in this cause, it is obvious that although purporting to be a settled case, containing all the evidence offered or received upon the trial below, it is defective and incom-

---

[1] Reported in 73 N. W. 956.          [2] BUCK, J., took no part.

plete. There is an entire omission of the documentary testimony referred to, and made a part of the depositions, without which the record is not intelligible, for the reason that among these documents were defendants' written orders for the goods (electrical fixtures) in controversy, and the subsequent correspondence by mail and by wire between the parties relative thereto. In the absence of this evidence, it must be assumed that the order was for goods of a certain quality and description, and that the findings of fact are fully supported by the evidence.

Taking up the assignments of error, there is no merit in the claim that the court should have allowed defendant Crowley, when on the witness stand, to state the difference between the "arm backs" ordered and those received. While the written order is not before us, it was introduced in evidence on the trial, and showed for itself what kind of arm backs were ordered. There was no dispute over the quality and description of those received. They were conceded to be what are known as "two-piece goods," instead of one piece, as defendants insisted they should be. The difference, if any, between what was ordered and what was received, was manifest. These remarks apply to the second, as well as the first, assignment of error. More than this, in the absence of the orders from the record, there is nothing to show that defendants did not order exactly what it stands admitted they received. If there was any error in the ruling by which defendant Crowley was prevented from stating what complaint he made to plaintiff's agent, it was obviated, for the court offered to receive evidence of any complaint made within a reasonable time, whereupon counsel dropped the subject.

Another assignment is that the court erred when refusing to allow defendants to show that, within six weeks after the goods were received, they were examined, and "found to be in bad condition and unfit for use, and that plaintiff was immediately notified of this fact." Testimony to the effect that the goods were in bad condition and unfit for use six weeks after they were received, and that plaintiff was notified of this fact, would not tend to establish the allegation of the answer relied upon,—that the arm backs and scrolls were in two pieces, and rough and unfiled, when received.

The question argued by defendants' counsel is not before us, on the record presented.

Order affrmed.